# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-10168

DAVID BOYD,

Plaintiff-Appellant,

versus

GUIDANT SALES CORP.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:05-CV-1822

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Boyd sued his employer, Guidant Sales Corporation ("Guidant"), un-
der the Age Discrimination in Employment Act ("ADEA"), alleging wrongful ter-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

mination based on age. The jury answered "yes" to the following question: "Do you find . . . that Defendant would have made the same decision to terminate Plaintiff's employment even in the absence of consideration of his age?" Pursuant to the verdict, the district court entered judgment for Guidant.

After briefing had been completed on appeal, the Supreme Court decided *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009), holding that "a mixed-motives jury instruction in a suit brought under the [ADEA] is never proper . . . ." *Id.* at 2346. This means that under the ADEA, a plaintiff must establish but-for causation: that his employer would not have terminated him but for his age. The jury's affirmative answer to the but-for interrogatory shown above dooms Boyd's chances of reversal or remand.

Even in light of *Gross*, Boyd argues for a new trial based on the jury's "yes" answers to the following questions:

> Do you find . . . that Plaintiff's age was a motivating factor in Defendant's decision to terminate Plaintiff's employment?

> Do you find . . . that Defendant wilfully violated the [ADEA] by discriminating against Plaintiff on the basis of age?

Those answers, however, satisfy only the now-repudiated mixed-motive theory of ADEA liability. Boyd has had his chance to convince a jury that he would not have been terminated but for his age, and he is not entitled to a new trial to attempt to establish that element.

The judgment, albeit reached without benefit of *Gross*, is correct. The district court also did not abuse its discretion in its evidentiary rulings and did not err as a matter of law in regard to the remaining issues on appeal. The judgment is AFFIRMED.